BARRETT, Circuit Judge,
dissenting, in which
WILSON, Circuit Judge, joins:
I dissent from the denial of rehearing en banc because the panel opinion eviscerates the protections afforded defendants under Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229,14 L.Ed.2d 106 (1965).
The Supreme Court has instructed that, under AEDPA, “deference does not imply abandonment or abdication of judicial review.” Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Here, the Alabama court’s adjudication of Mark Duke’s claim involved the most “unreasonable application of[ ] clearly established Federal law,” 28 U.S.C. § 2254(d)(1), because it “unreasonably fail[ed] to extend a clearly established legal principle,” the Fifth Amendment prohibition against commenting on a defendant’s silence, to the facts of this case. Gore v. Sec’y for the Dep’t of Corr., 492 F.3d 1273, 1293 (11th Cir.2007) (citations omitted).[1]
The Alabama court’s finding that the prosecutor was not referring to the defendant, Mark Duke, in his closing argument is an unreasonable and wholly unsupported finding that is only theoretically possible if the record in this case is ignored and we were to apply an unnatural reading of the prosecutor’s words. Mark Duke should prevail on the basis of the prosecutor’s unconstitutional comment alone. However, defense counsel’s immediate response, asking that the record reflect that the prosecutor was pointing at Mark Duke while making this statement, solidifies the unreasonableness of the Alabama court’s adjudication.
*1207 Such an egregious example of prosecutorial misconduct, followed by a state court’s failure to adhere to basic tenets of constitutional criminal procedure, should not be permitted to stand. AEDPA is not a rubber stamp, whereby even cases on all fours with seminal federal precedent are unreviewable. Accordingly, this case is one that should be reheard en banc.

. In his closing argument, the prosecutor stated, "there's a witness that you heard from but he didn't come in here and talk to you from this witness stand. After he shot, stabbed and cut the throat of Randy Duke, he took Randy Duke’s blood with him throughout that house." In denying the defendant’s motion for a mistrial, the trial court determined that the "he” the prosecutor was referring to was Randy Duke’s blood, and not Mark Duke.
Thus, Alabama’s adjudication also “resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” 28 U.S.C. § 2254(d)(2). If the Alabama court had, conversely, made the factual finding that the prosecutor’s statement did refer to Mark Duke, the legal conclusion would necessarily have been that this statement violated Mark Duke’s rights under Griffin.